IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO GOMEZ,

     Plaintiff,                  No.  2: 12-cv-2919 JFM (PC)

    vs.

CHERYL PLILER, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

    Plaintiff claims that the law libraries at various prisons where he has been incarcerated since 2001 are lacking in several respects.  The law libraries that petitioner specifically mentions in his complaint that are inadequate are at California State Prison - Sacramento, Salinas Valley State Prison, High Desert State Prison, California Correctional Center which are all located within the Eastern District of California.  However, petitioner also asserts that the law libraries in prisons where he has been incarcerated which are not located within the Eastern District of California are also insufficient; specifically, petitioner also complains about the law library facilities at La Palma Correctional Facility in Eloy, Arizona, C.D.C.F. North Fork Correctional Facility in Sayre, Oklahoma and California State Prison - Los Angeles County.  Federal Rule of Civil Procedure 20(a)(2) states that persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action.  In this case, plaintiff's claims against the law library facilities in Arizona, Oklahoma and Los Angeles all occurred outside of the Eastern District of California.  Furthermore, each separate facility and its purported lack of law library facilities is its own "transaction or occurrence."  Venue regarding plaintiff's claims against the defendants as to the facilities in Arizona, Oklahoma and Los Angeles is not proper in this district as a substantial part of the of the events or omissions giving rise to these claims did not arise in this district.  See 28 U.S.C. § 1391(b)(2).

3

1 Should plaintiff wish to pursue his claims against the defendants from these three facilities, he
2 should do so by filing a complaint in the district in which these facilities are located, respectively.
3     With respect to plaintiff's allegations against the facilities located within the
4 Eastern District of California, the court finds the allegations in plaintiff's complaint so vague and
5 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
6 claim for relief.  The court has determined that the complaint does not contain a short and plain
7 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
8 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
9 succinctly.  See Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
10 allege with at least some degree of particularity overt acts which defendants engaged in that
11 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of
12 Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,
13 however, grant leave to file an amended complaint.
14     In any amended complaint that plaintiff may elect to file, he is advised that to
15 establish a violation of a right to access to the courts, a prisoner must allege facts sufficient to
16 show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of
17 confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.
18 See Lewis v. Casey, 518 U.S. 343, 353-55 (1996); see also Noonkester v. Tehama County
19 Sheriff, Civ. No. 06-306, 2011 WL 2946360, at *5 (E.D. Cal. July 21, 2011) (Kozinski, J. sitting
20 by designation) (where plaintiff alleges that jail's law library was inadequate, the standard
21 requires that an inmate's library access be (1) so limited as to be unreasonable and (2) the cause
22 of actual injury) (citing Vandelft v. Moses, 31 F.3d 794,   An "actual injury" is defined as "actual
23 prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
24 deadline or to present a claim." Lewis, 518 U.S. at 348; see also Vandelft v. Moses, 31 F.3d 794,
25 796 (1994).  With respect to the four prisons plaintiff alleges have inadequate law library
26 facilities located within the Eastern District of California, plaintiff must allege as to each separate

and distinct facility that he suffered an "actual injury" as a result of their purported inadequate law library.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Additionally, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claims constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   3. Plaintiff's complaint is dismissed.

   4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: April 2, 2013

          _/s/ Kendall J. Newman_
          KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

14
gome2919.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO GOMEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>CHERYL PLILER, et al.,<br><br>      Defendants.<br>_____/ | No. 2: 12-cv-2919 JFM (PC)<br><br><br><br>NOTICE OF AMENDMENT |

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____  Amended Complaint

DATED:

_____
Plaintiff